United States District Court
Southern District of Texas

**ENTERED**

April 28, 2026

Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## LAREDO DIVISION

| | | |
|---|---|---|
| MORIS ALEXANDER MOLINA RODRIGUEZ, | § § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:26-CV-610 |
| | § | |
| WARDEN, WEBB COUNTY | § | |
| DETENTION CENTER, ET AL., | § | |
| Respondents. | § | |

### MEMORANDUM OPINION AND ORDER

Petitioner is currently detained in federal custody at the Webb County Detention Center in Texas. Before the Court is Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Complaint for Declaratory and Injunctive Relief, (Dkt. No. 1), and Respondents' Motion for Summary Judgment, (Dkt. No. 7).

The Court finds that Petitioner's deprivation of liberty without constitutionally adequate procedures is a violation of his due process rights, and the failure to provide due process warrants his release. For the reasons stated below, Petitioner's Petition for Writ of Habeas Corpus is granted in part. Respondents are ordered to release Petitioner **by April 29, 2026, at 5:00 p.m.** The parties are ordered to notify the Court of the status of Petitioner's release **by April 30, 2026, at 5:00 p.m.**

### I. BACKGROUND

#### A. Factual Background

Petitioner, a citizen of El Salvador, challenges his ongoing detention without a bond hearing. Petitioner entered the United States without inspection in 2005 and has remained continuously present in the country since then. (*See* Dkt. No. 1 at 4; Dkt. No. 7-1 at 1).[1] Prior to his detention, he resided with his spouse and two U.S. citizen children.

---

[1] When citing to the page numbers of any document in the record, the Court will cite to the page numbering of the Court's internal CM/ECF docket system, and not to the page numbers in the underlying documents.

1 / 5

(Dkt. No. 1 at 4).

Petitioner was detained by immigration officials within a week of his original entry. (*See id.*; Dkt. No. 7-1 at 1). He was served a Notice to Appear and released from custody on his own recognizance. (Dkt. No. 1 at 4; Dkt. No. 7 at 2; Dkt. Nos. 7-1, 7-2). While his removal proceedings were ongoing, he was ordered removed in absentia, however, his proceedings were reopened in 2022, which means that his order of removal is not final. (*See* Dkt. No. 1 at 4); *Nken v. Holder*, 556 U.S. 418, 430 n.1 (2009) (explaining that the reopening of immigration proceedings "would necessarily extinguish the finality of the removal order"). Petitioner appears to have no criminal history. (Dkt. No. 1 at 4; Dkt. No. 7-2 at 2).

Petitioner was re-detained by immigration officials on February 15, 2026, while passing though a Border Patrol checkpoint. (Dkt. No. 1 at 4). Petitioner has not received a bond hearing in Immigration Court while he has been detained. (*Id.*).

### B. Legal Background

The Department of Homeland Security (DHS) and Department of Justice (DOJ) released interim guidance in July 2025, announcing a new legal position on detention authorities for noncitizens. The guidance interpreted the mandatory detention provision of Section 235 of the Immigration and Nationality Act (INA), or 8 U.S.C. § 1225, as applying to the detention of all "applicants for admission," including all noncitizens who have not been admitted, whether they arrive at a port of entry or enter without inspection. This position was adopted by the Board of Immigration Appeals (BIA) in September 2025. *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025).

In the months following the shift in policy, federal district courts across the country found the Government's interpretation at odds with the text of the statute and ordered bond hearings, or release, for noncitizens subject to mandatory detention under the policy. *See, e.g.*, *Barco Mercado v. Francis*, No. 25-CV-6582, 2025 WL 3295903, at *4, n.22 (S.D.N.Y. Nov. 26, 2025) (collecting cases). In February 2026, the Fifth Circuit agreed with the Government's interpretation and found that Section 1225(b)(2) applies to all applicants for admission, regardless of whether they are actively "seeking admission" when they are detained. *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502 (5th Cir. 2026). However, *Buenrostro* did not address the validity of due process claims such

as those raised by Petitioner in this case. *See, e.g.*, *Bonilla Chicas v. Warden*, No. 5:26-CV-131, 2026 WL 539475, at *4–5 (S.D. Tex. Feb. 20, 2026); *see also Padron Covarrubias v. Vergara*, No. 5:25-CV-112, 2025 WL 2950097 (S.D. Tex. Oct. 8, 2025), *overruled by Buenrostro-Mendez*, 166 F.4th 494 (explaining the Court's prior statutory interpretation of Section 1225).

## C. Procedural Background

Petitioner filed the instant petition for a writ of habeas corpus, maintaining that he is entitled to release from detention. He brings several claims for relief: violation of the Due Process Clause of the Fifth Amendment under procedural due process, prolonged and indefinite detention, violation of the Administrative Procedure Act and *Accardi* doctrine, and preservation of his rights under *Maldonado-Bautista* class action. Petitioner's due process claim is that Respondents have deprived him of his liberty interest to be free from detention without due process of law in violation of the Fifth Amendment. Petitioner requests, among other things, that this Court issue an order requiring Respondents to immediately release him or provide a bond hearing, declare that his detention is unlawful, and award reasonable attorney's fees.

## II. DISCUSSION

Respondents move for summary judgment, asserting that Petitioner is subject to mandatory detention pursuant to *Buenrostro* and that his detention does not violate procedural or substantive due process. The Court principally addresses Petitioner's due process claim and finds that his detention violates due process.[2] The Court incorporates the legal standards and analysis applied in its prior order granting a petition for a writ of habeas corpus under substantially similar facts. *Lopez Moncebais v. Bondi*, No. 5:26-CV-268, slip op. (S.D. Tex. Mar. 27, 2026).

There, this Court found that *Buenrostro* does not foreclose due process challenges to mandatory detention, a noncitizen subject to mandatory detention may bring an as-applied due process challenge to 8 U.S.C. Section 1225(b)(2), Supreme Court precedent does not foreclose that type of challenge, and liberty interests in freedom from detention

---

[2] Because the Court grants Petitioner's requested relief without consideration of his other claims, the Court will decline to address the merits of those claims.

must be protected by due process of law, including individualized justification for civil detention. *See id.* The Court then applied the balancing test from *Mathews v. Eldridge* and found that the petitioner's procedural due process rights had been violated. *Id.* at 13 (citing *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976)). The Court ordered immediate release for the due process violation. *Id.* at 17.[3]

The Court finds that the same reasoning applies to these facts, though the Court adds additional analysis regarding Petitioner's prior release, which is factually distinct from *Lopez Moncebais*. The Court has previously found that a prior release like Petitioner's strengthens the liberty interest of a noncitizen because their release created an expectation that they would be free from detention during the pendency of their removal proceedings. *Bonilla Barrios v. Noem*, No. 5:26-cv-172, slip op. at 4 (S.D. Tex. Apr. 2, 2026). As the Court explained there, liberty interests "may arise from an expectation or interest created by state laws of policies." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). In this case, Petitioner had an expectation, in addition to his residence since 2005, that he would be free from detention or at least entitled to seek bond while his removal proceedings were pending. He was released from detention in 2005 and spent over twenty years free from custody before he was re-detained. That expectation interest strengthens his liberty interest. The Court also notes that several cases analyzed for their persuasive authority in *Lopez Moncebais* similarly considered prior release as a factor strengthening the liberty interest of noncitizens detained under Section 1225(b)(2) without a bond hearing. *See Lopez Moncebais*, No. 5:26-CV-268, slip op. at 7 n.6 (collecting cases).

For this reason and the reasons discussed in the Court's analysis in *Lopez Moncebais*, the Court finds that Petitioner's detention violates his rights under the Due Process Clause of the Fifth Amendment, he is entitled to relief, and the appropriate remedy is to order Petitioner's immediate release from custody.

### III. CONCLUSION

For the foregoing reasons, Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Complaint for Declaratory and Injunctive Relief, (Dkt.

---

[3] The Court also denied attorney's fees under the EAJA and incorporates that analysis here as well. *Lopez Moncebais*, No. 5:26-CV-268, slip op. at 17.

4 / 5

No. 1), is **GRANTED in part and DENIED in part**. Petitioner's request for attorney's fees is **DENIED**. Respondents' Motion for Summary Judgment, (Dkt. No. 7), is **DENIED**.

Respondents are **ORDERED** to **RELEASE** Petitioner from custody **by April 29, 2026, at 5:00 p.m.**, under reasonable conditions of release, and to submit a status report to the Court confirming Petitioner's release **by April 30, 2026, at 5:00 p.m.** Respondents must notify Petitioner's counsel of the exact time and location of Petitioner's release **no less than two hours** prior to Petitioner's release from custody. Respondents are ordered to return Petitioner's identity documents and personal effects upon his release.

If Petitioner is re-detained, Petitioner must be afforded procedural due process as guaranteed by the Due Process Clause of the Fifth Amendment.

A final judgment will follow.

It is so **ORDERED**.

**SIGNED** on April 28, 2026.

John A. Kazen
United States District Judge